**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZACHARY THOMAS SPADA,** **Plaintiff,** v. **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** **Defendants.** | ) ) ) ) ) ) ) | **Civil Action No. 26-1797 Johnstown** **District Judge Susan Paradise Baxter** **Magistrate Judge Christopher B. Brown** |

**MEMORANDUM ORDER**

Plaintiff Zachary Thomas Spada initiated this action on September 11, 2026, by filing a motion to proceed *in forma pauperis* ("ifp motion") [ECF No. 1] with an attached *pro se* complaint [ECF No. 1-1]. The matter was referred to United States Magistrate Judge Christopher B. Brown for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff's ifp motion was granted on September 16, 2026, at which time Plaintiff's complaint was formally docketed. [ECF No. 5]. In his complaint, Plaintiff alleges that he was confined "at SCI-Houtzdale from November 2011 – October 13, 2017 and October 2019 until about September 1, 2023." (Id. at 3). During this time, Plaintiff alleges that the DOC conspired with Defendants Keefe Group, LLC ("Keefe") and Aramark to provide a "wholly inadequate diet … designed … to invoke a state of ketosis" in order "to drive profits for commissary sales." (Id. at 2-3). As a result, Plaintiff claims that he is "in a perpetual state of ketosis or near-ketosis." (Id. at 3). Favorably construed, Plaintiff's allegations are construed by the Magistrate Judge as alleging claims of cruel and unusual punishment under the Eighth Amendment; violation of

equal protection under the Fourteenth Amendment; negligent infliction of emotional distress ("NIED") under Pennsylvania state law; and "price gouging."

After reviewing Plaintiff's complaint under the screening provisions of 28 U.S.C. § 1915(e), Judge Brown issued a Report and Recommendation on September 16, 2026, recommending that the complaint be dismissed, with prejudice, because Plaintiff's claims fail to state any claim for relief upon which relief may be granted and any attempt to amend the complaint would be futile. [ECF No. 6]. In particular, Judge Brown has found that Plaintiff's constitutional claims, as well as his state law claim of NIED, are barred by their respective two-year statutes of limitations, and any purported claim under the Sherman Antitrust Act is inapplicable to state agencies. No timely objections to the R&R have been filed.

After *de novo* review of the complaint, together with the report and recommendation, the following order is entered:

AND NOW, this 19th day of October, 2026;

IT IS HEREBY ORDERED that this case is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e), for Plaintiff's failure to state a claim upon which relief may be granted. The report and recommendation of Magistrate Judge Brown, issued September 16, 2026 [ECF No. 6], is adopted as the opinion of the Court.

The Clerk is directed to mark this case CLOSED.

Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Christopher B. Brown
United States Magistrate Judge
all parties of record